IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEN BANNOUT, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | HONORABLE WILLIAM H. WALLS <br><br> Civil Action <br> No. 13-5187 (WHW) <br><br> **OPINION** |

APPEARANCES:

ALEN BANNOUT, Petitioner pro se
#53052-054
Federal Correctional Institution
P.O. Box 1500
Allenwood, Pennsylvania 17887-1500

MARK J. MCCARREN, Esq.
UNITED STATES ATTORNEY'S OFFICE
970 Broad Street
Suite 700
Newark, New Jersey 07102

**WALLS, Senior District Judge:**

I. **INTRODUCTION**

Alen Bannout ("Petitioner") moves pro se to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. (Docket Entry 1); *United States v. Bannout*, No. 10-cr-0309-1 (D.N.J. Nov. 1, 2011).[1] Respondent United States of

---

[1] Petitioner filed this motion under the name "Alen Bannout." Petitioner's criminal case proceeded under "Alan Bannout." The Court uses the spelling of Petitioner's name used by the parties for consistency.

America ("Respondent") opposes the motion. (Docket Entry 7). Petitioner did not file a traverse. For the reasons stated herein, the Court will dismiss the motion as time-barred, and no certificate of appealability will issue.

## II. BACKGROUND

The United States charged Petitioner in a two-count information with conspiracy to obstruct interstate commerce by armed robbery, 18 U.S.C. § 1951(a); and transporting stolen goods in interstate commerce, 18 U.S.C. §§ 2, 2314. (Information, Docket Entry 7-1). The first count concerned a robbery of a perfume warehouse in Carlstadt, New Jersey in February 2010. Petitioner and some of his co-conspirators loaded boxes of merchandise into trucks, rented at Petitioner's direction for this purpose, for transport to a predetermined location while other conspirators, some of whom were officers with the New York Police Department, forced eleven employees into an office area, bound them, and held them at gunpoint for over three hours. The stolen merchandise was eventually taken to a storage facility in New York. The second count concerned merchandise stolen from a North Brunswick, New Jersey storage facility in December 2009.

Petitioner entered into a plea agreement with the United States on April 9, 2010. (Plea Agreement, Docket Entry 7-2). The plea agreement contained certain stipulations by the parties,

2

including that an increase of 5 levels was warranted as a firearm was brandished or possessed during the robbery, U.S.S.G. § 2B3.1(b)(2)(C); and that Petitioner was a manager or supervisor of the robbery, U.S.S.G. § 3B1.1(b). (Id. at 7). Petitioner also agreed to waive his appellate rights "including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 30." (Id. at 9). The parties further agreed that "if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so." (Id.).

Petitioner appeared before this Court with counsel to plead guilty on May 5, 2010. At that time, Petitioner submitted an Application for Permission to Enter Plea of Guilty ("Rule 11 Form," Docket Entry 7-5), and a waiver of indictment form. Petitioner acknowledged on the Rule 11 form that he waived his right to appeal and collaterally attack his sentence. (Id. ¶¶ 36, 38). The Court engaged in the Rule 11 colloquy with Petitioner and found that he was knowingly, voluntarily, and intelligently pleading guilty and waiving his right to appeal and collaterally attack his sentence.

3

The parties next appeared before the Court for sentencing on November 1, 2011. At that time, the Court accepted the parties' stipulations for a criminal history level of II and offense level of 30, resulting in a Guideline range of 108-135 months. The Court imposed a sentence of 135 months on Count One and a concurrent sentence of 60 months on Count Two. The sentence was to be served concurrently with an unrelated conviction from the Southern District of New York. *United States v. Bannout*, No. 10-cr-0309-1 (D.N.J. Nov. 22, 2011) (judgment of conviction); (Docket Entry 7-3). Petitioner appealed his sentence to the Court of Appeals for the Third Circuit, *Bannout v. United States*, No. 11-04261 (3d Cir. filed Nov. 30, 2011), and moved to withdraw his appeal shortly thereafter due in part to the appellate wavier provision of his plea agreement, *id.* at Mar. 23, 2012 (motion to withdraw). The Court of Appeals dismissed the appeal under Federal Rule of Appellate Procedure 42(b) on March 28, 2012. (Order of Dismissal, Docket Entry 7-4).

Petitioner filed the instant motion to correct, vacate, or set aside his sentence on August 30, 2013. (Docket Entry 1 at 5). By Order dated September 17, 2013 this Court informed Petitioner of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and directed Petitioner to inform the Court within 45 days as to how he wanted to proceed. (Docket Entry 3). Petitioner did not respond to the *Miller* order within 45 days;

4

therefore on May 20, 2014, the Court ordered Respondent to file an answer. (Docket Entry 5). Respondent answered on July 7, 2014. (Docket Entry 7). Petitioner did not file a traverse or otherwise respond to the answer.

### III. STANDARD OF REVIEW

Section 2255 provides in relevant part that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Petitioner brings this motion as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

### IV. ANALYSIS

In his motion, Petitioner argues his sentence violates the Constitution as "he is actually innocent of ever possessing, using or brandishing a firearm in connection with the instant

offense." (Motion, Docket Entry 1 ¶ 4). He asserts it was error for this Court to impose the five-level enhancement "because it was not charged in the indictment or found by a jury." (Id.). He also asserts his trial counsel was ineffective for failing to object to the sentencing enhancement and for advising him that "he had no grounds to challenge a firearm enhancement at trial, and that failure to pleas to the firearms enhancements under the plea agreement would result in an automatic seven (7) year consecutive sentence regardless of guilt or innocence."(Id.). He claims counsel "deprived [him] of the right to argue that the sentencing enhancements imposed violated [his] jury-trial rights in that [he] never possessed, used or brandished a firearm in connection with the instant offense." (Affidavit, Docket Entry 1-1 ¶ 7). He therefore contends his plea was not knowing, intelligent, or voluntary. (Id. at ¶ 8).

Respondent argues the motion is time barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and is also barred by the plea agreement. It further argues Petitioner has not established either ineffective assistance of counsel or a violation of his jury trial rights. (Docket Entry 7 at 1).

A district court is required to conduct an evidentiary hearing "where a petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record . . .

6

." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015) (internal quotation marks omitted). The Court finds that an evidentiary hearing is not warranted as the record conclusively shows Petitioner is not entitled to relief.

### A. Statute of Limitations

AEDPA imposes a one-year statute of limitations for filing motions pursuant to § 2255. Under § 2255(f), the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Respondent argues the motion is untimely as it was filed more than one year after Petitioner's conviction became final. The Court agrees, and the motion must therefore be dismissed.

"[A] judgment of conviction becomes final within the meaning of § 2255 on the later of (1) the date on which the

7

Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) (internal quotation marks omitted); *see also Greene v. Palakovich*, 606 F.3d 85, 91 (3d Cir. 2010), *aff'd sub nom Greene v. Fisher*, 132 S. Ct. 38 (2011). In this case, Petitioner did not file a petition for certiorari, and his time to do so expired on June 26, 2012, 90 days after the Third Circuit dismissed his appeal on March 28, 2012. Petitioner had until June 26, 2013, to file a timely § 2255 motion. Petitioner did not submit his motion to prison officials for mailing until August 30, 2013, two months late. As a result, his motion is untimely and must be dismissed.[2]

## B. Certificate of Appealability

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that

---

[2] AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Petitioner did not file a traverse objecting to Respondent's timeliness argument, nor has Petitioner contacted the Court since April 10, 2014. (Docket Entry 4). As the motion does not set forth any facts that would entitle Petitioner to equitable tolling, and Petitioner has not supplied the Court with any in response to the timeliness argument raised by Respondent, the Court finds no basis for equitable tolling exists.

8

"the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000) (emphasis added). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

## V. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Correct, or Set Aside his sentence is dismissed as untimely under 28 U.S.C. § 2255(f). No certificate of appealability shall issue. An accompanying Order will be entered.

15 March 2016
Date

WILLIAM H. WALLS
Senior U.S. District Judge

9